## TONNELLE a. HALL.

*Supreme Court, First District; Special Term, September,* 1856.

ACTION BY RESIDUARY LEGATEE.—PROPER PARTIES.

A residuary legatee who brings an action for his share of the residue, must join all persons interested in the residue, as defendants.

Where a legacy is a charge upon real estate, the heir is a necessary party defendant in an action to recover it.

Objection to complaint on the trial for the want of proper parties defendant.

. This action was brought by John L. Tonnelle against Valentine G. Hall and others, as executors of John Tonnelle deceased.

The complaint set forth that John Tonnelle by his will left certain real estate to be managed by the defendants his executors, with directions to apply the net income to the maintenance of the plaintiff until he became of age; then to pay over to him all surplus accumulated, and thereafter to pay over to him the net income during his natural life.

The defendants by answer set up the objection that the necessary parties defendant were not joined.

*D. P. Barnard,* for defendants.

*John Newhouse,* for plaintiff.

WHITING, J.—The objection of the defendants to the want of necessary parties I think is well taken. The general rule as to parties is that where a bill is brought for relief, all persons materially interested in the subject of the suit ought in the shape of plaintiffs or defendants to be made parties. This

is necessary to enable the court to make a complete decree in the case, so as to prevent a multiplicity of suits.

There are exceptions to the rule, but this case does not come under them. A residuary legatee filing a bill must in general bring before the court all persons interested in the residue. Where a legacy is a charge upon the real estate the heir is a necessary party. So in a bill relating to the trusts of a will the heir must be a party. (*Mitford's Ch. P.*, 164, 9 *Mod.*, 299; *Cooper's Eq.*, 38, 3 *Ch. R.*, *Atk.*, 406; 1 *John's Ch. R.*, 437).

This suit is in form to recover a legacy claimed under the will of John Tonnelle, and charged upon the real estate. It involves a very important question as to the true construction of the will. If the plaintiff shall succeed, it will materially interfere with the rights claimed by the other legatees, and may affect the heirs at law. The Code is in conformity with the former practice. Section 122 (Voorhees *v.* Baxter, 1 *Abbotts' Pr. R.*, 45), makes it the duty of the court, when a complete determination cannot be had without the presence of other parties, to cause them to be brought in. (Davis *v.* the Mayor, &c., 2 *Duer*, 663). The cause must stand over to enable the plaintiff, who is at liberty to do so, to amend his complaint by adding the widow and heirs at law, they being necessary parties, and such others as may be deemed proper parties, and to make such other changes in his complaint as he may be advised, and to bring the causes again to a hearing as he shall be advised.

As a general rule, the objection having been taken in the answer by way of demurrer to the want of proper parties, the plaintiff is chargeable with costs. In conformity with the rule, the terms must be imposed of the costs of the term.